### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

EUGENE FANFAN, &
FANFAN ENTERPRISES III, LLC,

    Plaintiffs,                               Case No.:

vs.

RYAN MCKINNEY,

    Defendant.
_____/

### VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, Eugene Fanfan and Fanfan Enterprises III, LLC (together "Plaintiffs"), by and through its undersigned counsel, and hereby sues Ryan McKinney ("Defendant" or "McKinney") and respectfully states as follows:

#### Nature of the Action; Parties, Jurisdiction, & Venue

1.    This is an action for defamation (libel per se); and tortious interference with business relationships under Florida law.

2.    Fanfan Enterprises III, LLC ("Enterprises") is, and at all relevant times was, a limited liability company incorporated under the laws of the State of Florida, with a principal place of business in Hillsborough County, Florida. Enterprises consists of one member (Plaintiff Eugene Fanfan) who is a citizen and resident of the State of Florida.

3.     Plaintiff Eugene Fanfan ("Fanfan") is an individual, and a resident of Hillsborough County, Florida.

4.     Defendant is an individual, and a resident of Leland, Brunswick County, North Carolina.

5.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on complete diversity of citizenship between Plaintiffs and Defendant and because the amount in controversy in this action exceeds $75,000.

6.     This Court has personal jurisdiction over Defendant pursuant to the Florida Long-Arm Statute, § 48.193.  Defendant committed tortious acts in Florida which caused injury to Plaintiff in Florida.  Defendant also has contracted business with Plaintiff Enterprises that included business activities and repeated consistent contacts with Florida.

7.     Venue is proper in this Court pursuant to each of 28.U.S.C. § 1391 (b)(2)-(3), and 28.U.S.C. § 1391 (c)(2)-(3).

## Facts Common to All Counts

8.     Enterprises is a property management and business consulting company that, among other things, assists clients with finding, obtaining, and managing short and long-term rental properties in Florida.

9.     Fanfan is the owner and manager of Enterprises.

10.    Defendant, through Defendant's entity Convogrow LLC, is a former 1099 employee of Plaintiff.

11. In September 2024, Defendant unilaterally attempted to change his and his LLC's pay structure and agreement with Enterprises.

12. Defendant customarily received a 12.5% commission from Enterprises on new business sales.

13. In September 2024, Defendant abruptly claimed he wanted to raise his commission structure to be owed a 17.5% commission rather than a 12.5% commission, which would result in an increase of monthly commissions of thousands of dollars from his customary monthly commission payments.

14. Enterprises and Defendant had never previously discussed or agreed to a 17.5% commission structure.

15. When Enterprises disputed the purported change in commission structure and pay, Defendant then claimed he was owed $20,000 by Enterprises to cover monies that Defendant was owed by a prior employer, which had no connection to either Plaintiff.

16. After Enterprises again declined to pay this demand, Defendant became aggressive and began engaging in increasingly bizarre behavior such as:

    a. Contacting clients of Enterprises and advising them to reverse and dispute charges for contractual services Enterprises provided them, including by advising those clients falsely that Enterprises is a "fraud," all of which has to date cost Enterprises more than $80,000.

    b. Threatening to file complaints with the Department of Justice and Department of Labor against Enterprises if he "isn't paid what he is owed".

    c. Threatening to ruin the "$750,000.00 of contracts" that Defendant claimed he assisted Enterprises in obtaining.

    d. Indicating that if he was not paid within 24 hours that "[i]t would be Biblical" and that Defendant does not "play to lose."

17. When Enterprises did not pay what it considered to be a "shake down," Defendant then sent an email to Enterprises's main contact email (which he knew Fanfan controlled and monitored), on October 5, 2024, with a subject line of "She knows or nah?" in which he copied Fanfan's assistant and Fanfan's wife, and claimed falsely that Fanfan had been engaging in sexual activity with his assistant (a true and correct copy of this email is attached as Exhibit A hereto).

18. Defendant also sent a second email on October 5, 2024, addressed to Enterprises's main contact email (which he knew Fanfan controlled and monitored), as well as to Fanfan's assistant and Fanfan's wife, as well as to other individual Enterprises employees, as well as to the designated Enterprises support team email, in which Defendant claimed falsely that Fanfan was a "grifter" who Defendant was "still on day 1 of expos[ing]" (a true and correct copy of this email is attached as Exhibit B hereto).

19. Each of these emails was sent in an effort to intimidate Plaintiffs, was made with malice, and contained a false allegation.

20. Each of these emails was read by the addressees, including Fanfan's assistant/employee and Fanfan's wife.

21. In light of all of the above, Plaintiffs hereby bring the following causes of action:

## COUNT I
## Libel *Per Se* Regarding the Statements in the October 5, 2024, Email
## (Plaintiff Fanfan)

22. Plaintiffs hereby incorporates the allegations in paragraphs 1 through 20, as if fully set forth herein.

23. This cause of action on behalf of Plaintiff Fanfan seeks money damages against Defendant for Libel *per se*.

24. Defendant authored and published the October 5, 2024, emails to both Plaintiff Fanfan and third parties, as pled herein.

25. Defendant's October 5, 2024, emails contained statements – pled at paragraphs 17-18 herein – that were false and unprivileged, concerned Plaintiff Fanfan, exposed him to ridicule and distrust, injured his reputation, and otherwise imputed to Plaintiff Fanfan conduct and characteristics that were incompatible with Plaintiff Fanfan's proper exercise of, and tends to injure him in, his lawful profession and business, as well as stating that Plaintiff Fanfan has engaged in sexual activity outside the bonds of his marriage.

26. Each of Defendant's October 5, 2024, emails was libel *per se* and as such Defendant's malice when making and writing the statements are conclusively presumed as a matter of law.

27. The October 5, 2024, emails were the proximate cause of actual damages to Plaintiff Fanfan.

WHEREFORE, Plaintiff Fanfan respectfully requests this Court enter a judgment against Defendant for compensatory damages and consequential damages, as well as additional amounts to be determined at trial, plus interest, costs, and for such further and other relief as this Court may deem necessary and appropriate including special and punitive damages.

## COUNT II
### Tortious Interference with Business Relationships
### (Plaintiff Enterprises)

28. Plaintiff hereby incorporates the allegations in paragraphs 1 through 20, as if fully set forth herein.

29. This cause of action on behalf of Plaintiff Enterprises seeks money damages against Defendant for tortious interference with business relationships under Florida law.

30. Enterprises derives its revenues from assisting individuals with funding, finding, and managing short and long-term rentals in Florida, among other services.

31. Enterprises has existing, and actual prospective, clients, who have business and/or contractual relationships with Enterprises, under which Enterprises has legal rights.

32. Defendant is aware of the existence of these actual and prospective clients, and Enterprises's business and/or contractual relationships with these existing and prospective clients, including as a result of (1) Defendant's direct, frequent dialogue with Enterprises regarding such clients, and (2) Defendant's direct interaction with these Enterprises clients through the sales, onboarding, and management portions of the customer experience, wherein the clients frequently interacted with Defendant in his role for Enterprises.

33. Defendant's contacts with these clients after his relationship with Enterprises was terminated, pled herein, intentionally and unjustifiably interfered with Enterprises' contractual and/or business relationships with these clients, including by advising them to charge back funds paid for services received and advising them that Enterprises was a fraud.

34. As a direct result of the above-pled interference, Enterprises has suffered substantial damages.

WHEREFORE, Plaintiff Enterprises demands judgment for actual damages against Defendant, plus consequential damages, and for exemplary and punitive damages, and for such other relief as this Court may deem just and proper.

## **Jury Demand**

Plaintiffs request trial by jury for all counts herein alleged so triable.

Dated:  March 19, 2025                                                                 Respectfully submitted,


*/s/ David Knox*                                                                       */s/ Leighton Leib*
**DAVID KNOX**                                                                         **LEIGHTON LEIB**
Florida Bar No. 0093779                                                                Florida Bar No. 0119263
dknox@knoxleib.com                                                                     lleib@knoxleib.com

**KNOX♦LEIB, PLLC**
514 N. Franklin Street, Ste 205
Tampa, Florida 33602
(813) 252-3622
*Attorneys for Plaintiff*

## **VERIFICATION, OATH**

Under penalties of perjury, I declare that I have made and read the foregoing Complaint, and that the facts stated in it are true.

_____
Eugene Fanfan, individually and as
Authorized Representative,
Fanfan Enterprises III, LLC